**ACKERMAN, Plaintiff-Appellant v. STEINER, Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 1781. Decided April 10, 1944.

A. K. Meck, Dayton, for plaintiff-appellant.
Harshman & Young, Dayton, for defendant-appellee.

### OPINION

BY THE COURT:

Submitted on application for rehearing.

Appellant asserts that the application is grounded upon one point only, namely:

"Whether or not the plaintiff was a guest of the defendant at the time he voluntarily went along with the defendant to point the way out of Cincinnati".

We have carefully examined the original briefs of the parties and find not a word on the question which is now urged. So that it would not have been unusual had we said nothing at all about it. However, we did consider the question in one sentence in which we said:

"We do not believe that this service so rendered by the plaintiff to the defendant could be considered as compensation for the transportation."

We have again and at more length considered the specific question urged by the application for rehearing.

It is our judgment that although it does appear that the plaintiff demurred to the trip back to Dayton on the night of his injury and probably preferred to remain in Cincinnati because of the arrangements which had there been made for lodging and because his wife would not be at home when he arrived, we are unable to place any construction upon the relationship between the parties respecting the arrangement for the return trip to Dayton, other than that it was a continuation of the social agreement between them. It does not appear that the plaintiff had any purpose of remaining in Cincinnati, if eventually it be determined that they should return to Dayton. In other words, what plans were to be followed, were by mutual agreement and both were parties to them; if they remained in Cincinnati, both were to stay and if they were coming to Dayton, both were to make the trip.

Having decided to return to Dayton, the common understanding between these parties was carried out and as a part of that implied as well as expressed agreement, according to plaintiff's testimony, he did take over the direction of the defendant in getting out of Cincinnati, but we cannot find that in so doing he lost his relationship as guest in carrying into effect the social agreement and arrangement under which they made the trip.

The instant case is unlike **Dorn v N. Olmstead, 138 Oh St 375,** because there the young man who was directing the driver of the automobile to a house clearly had no other purpose than the accommodation of the driver toward whom he owed no obligation whatever, excepting that which he assumed upon the request of the driver. We do not believe that the instant case comes within the scope of the Dorn v N. Olmstead case.

The application will be denied.

BARNES, P. J., HORNBECK and GEIGER, JJ., concur.